# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES EVAN KING, | ) CIVIL ACTION NO. 9:10-527-CMC-BM |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| JOHN OWENS, Warden, | ) |
| Respondent. | ) |

This Petition for a writ of habeas corpus was filed on March 5, 2010, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina.

Respondent filed a motion for summary judgment on May 4, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 6, 2010, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time and the Court granting Petitioner's motion to expand the record, Petitioner filed a response in opposition to the motion on August 9, 2010. The Respondent filed a reply on August 18, 2010, and the Petitioner filed a sur-reply on August 30, 2010.

This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Background**

The record reflects that Petitioner was incarcerated by the State of Georgia on charges including making false statements and trespass from which he was released on parole on August 9, 2006. See Respondent's Exhibit C, ¶ 3. Respondent asserts that on October 17, 2006, Petitioner was arrested by local authorities for failing to report to his state Probation Officer as directed at the time of his release in August. Id. However, Petitioner disputes that his arrest by local authorities was for failing to report to his probation officer, attesting in an affidavit that the sole basis for the arrest was his possession of a firearm. Petitioner also attests that there was no probation warrant for his arrest at that time. See Petitioner's Affidavit ¶ 3.[2] In any event, it is undisputed that Petitioner was in possession of a firearm at the time of his state arrest, which became the basis for his current federal sentence. See Respondent's Exhibit C, ¶ 3.

On May 16, 2007, Petitioner was indicted in the United States District Court for the Middle District of Georgia for possession of a firearm by a convicted felon; see Exhibit C, ¶ 4 and Exhibit D, Docket in United States v. James Evan King, 5:07-CR-0036 (M.D.Ga.); and a detainer was lodged with the State of Georgia. See Exhibit E, detainer documents. On June 8, 2007, the United States sought a writ of habeas corpus ad prosequendum to bring Petitioner into federal court to face the firearms charge, and on June 28, 2007, the United States Marshal's Service (USMS) "borrowed" the Petitioner from the State of Georgia via the federal writ. See Exhibit D; Exhibit C, ¶ 5. The federal arrest warrant was executed and on July 2, 2007, Petitioner was arraigned on the federal

---

[2] The majority of the background facts as set forth in John A. Farrar's Affidavit (Respondent's Exhibit C), are not in dispute. As noted, however, Petitioner does dispute the facts surrounding the basis for his state court arrest on October 17, 2006, and whether there was an outstanding warrant at that time. See discussion, infra.



charge.  See Exhibit D.  On September 27, 2007, Petitioner pled guilty to the federal charge, and on January 8, 2008, he was sentenced to 40 months to run concurrently to the *undischarged* term of imprisonment in his State term.  See Respondent's Exhibits A and D.

On February 20, 2008, the USMS returned Petitioner to the State of Georgia.  See Respondent's Exhibit C, ¶ 6.  On February 26, 2008, the USMS lodged a detainer for the federal sentence with the State.  See Respondent's Exhibit F, detainer document.  However, the Georgia Department of Corrections discharged the Petitioner from his state sentence on August 23, 2008, erroneously releasing him to the community rather than to the custody of the USMS.  See Exhibit C, ¶ 7 and Exhibit G, Warrant application.

On January 21, 2009, the United States applied for a bench warrant to arrest Petitioner for service of the remainder of his federal term.  Id.  The Warrant was issued on January 22, 2009; however, Petitioner was arrested by Georgia state officials on other state charges on January 30, 2009.  See Respondent's Exhibit C, ¶ 9, Respondent's Exhibit H, warrant.  Those charges were resolved on February 3, 2009, when Petitioner was sentenced to time served.  Petitioner was ordered released to the USMS, and he was turned over to the USMS on the federal warrant on February 4, 2009.  Id.

Petitioner's federal sentence was computed as beginning on January 8, 2008, the date the federal sentence was imposed.  See Respondent's Exhibits B and C, ¶ 10.  However, the federal sentence went into inoperative status from August 24, 2008 (the day after the Petitioner was released from the Georgia Department of Corrections) until February 3, 2009 (the day before he was returned to federal custody).  Id.  Petitioner was also not awarded prior custody credit.  Petitioner is eligible to earn Good Conduct Time credit, with these calculations resulting in the Petitioner having a projected release date of May 15, 2011.  See Respondent's Exhibit B.  However, Petitioner asserts



in this habeas action that he should have received credit for the time he was in state custody from October 17, 2006 to January 7, 2008.[3] It is undisputed that while this time was credited to Petitioner's state sentence, it has not been credited to his federal sentence. Petitioner requests that this Court order he be given credit for this time and that he be released from custody. See Petition.

**Discussion**

Respondent does not contest that, to the extent Petitioner's claim is challenging the BOP's decision not to credit him for prior time served in state custody, this claim may be brought under 28 U.S.C. § 2241. Respondent also does not dispute that Petitioner has exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S.C. § 3585; see United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). Therefore, this claim is properly before this Court for consideration.

Under federal law,

> [a] federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996), and a district court has no power to award presentence credit, United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000). A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. §

---

[3]While Petitioner also did not receive credit toward his federal sentence after he was erroneously released by state officials, he is not seeking credit for that time. See Petitioner's Response in Opposition to Summary Judgment, p. 9.



3584(a); Romandine v. United States, 206 F.3d 731, 737-738 (7th Cir. 2000) . . . . [but the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence], 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594.

Short v. Revell, No. 05-1890, 152 Fed.Appx. 542, 544 (7th Cir. Oct. 24, 2005)(unpublished). Petitioner received credit for the time period of January 8, 2008 (when his federal sentence was imposed) through August 24, 2008 (the day after he was released from the Georgia Department of Corrections) toward his federal sentence pursuant to 18 U.S.C. §3585(b). However, with regard to the period of time Petitioner was incarcerated prior to January 8, 2008, that time was credited to his state charges.

A prisoner cannot receive double credit, and prior custody credit will therefore not ordinarily be granted under § 3585 if the prisoner has already received prior custody credit toward another sentence. See United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)["Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."]; United States v. Arroyo, 324 F.Supp.2d 472, 473-474 (S.D.N.Y. 2004)[BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence]; Nguyen v. Department of Justice, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999); Ransom v. Morton, No. 95-15127, 1995 WL 620935 (9th Cir. Oct. 19, 1995); see also 28 U.S.C. ¶ 3585(b); Bacon v. Federal Bureau of Prisons, No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001). It is possible under some circumstances for the sentencing court to order that Petitioner be given a retroactive concurrent sentence. Cf. Rodgers v. Holt, No. 09-1376, 2010 WL 2265947 at * 3 (M.D.Penn. June 2, 2010)[Allowing credit for presentence time spent in state custody where "the federal sentencing court expressed clear intent to adjust petitioner's sentence and make it retroactively concurrent with his

5



non-federal sentence for the time period [at issue]"]. However, here it is undisputed that the judgment in Petitioner's case states that Petitioner "be imprisoned for a total term of: 40 months to run concurrently to the *undischarged term* of imprisonment with the Georgia Department of Corrections." See Respondent's Exhibit A [Emphasis Added].

Petitioner apparently misunderstands the effect of that language, which was discussed in United States v. Burks as follows:

> To the extent that Defendant reasserts his argument that the BOP's pre-sentence credit calculation amounts to a breach of his plea agreement and this Court's order that his federal sentence run concurrent with his pending state sentence, it is clear that he misunderstands the sentencing order. That document provides that Defendant's federal sentence shall 'run concurrent to the undischarged [state] term of incarceration the defendant is currently serving . . . .' Defendant's federal sentence could not run concurrently with the state sentence until it was imposed-there was no federal sentence to 'run' before imposition. But once Defendant's federal sentence commenced [ ], it ran concurrently with the *remainder* of his pending state sentence.
>
> . . . .
>
> What Defendant is really seeking in this and his prior motion, rather than concurrent running of his state and federal sentences, is credit for time served *before* his federal sentence commenced. This Court previously analyzed the appropriate application of 18 U.S.C. § 3585(b)-the statute governing calculations of prior custody credit - to Defendant's case . . . . [and found that argument to be without merit].

United States v. Burks, No. 03-80681, 2010 WL 1438677 (E.D.Mich. Apr. 9, 2010); see also United States v. Burks, No. 03-80681, 2009 WL 1664368 (E.D.Mich. June 15, 2009).

Because Petitioner's federal sentence commenced on January 8, 2008, and was ordered to run concurrent with his undischarged state term, from that date forward he received duplicate credit towards both his federal and state sentences. However, Petitioner has not shown that the sentencing court intended for him to receive any retroactive concurrent credit. Therefore, he is not entitled to credit toward his federal sentence for any time prior to January 8, 2008. See United



6

States v. Tackles, No. 02-8114, 2003 WL 1849350 (10th Cir. Apr. 10, 2003); Staley v. Patton, No. 07-122, 2007 WL 256745 (E.D.Ky. Feb. 2, 2009); Bianco v. Minor, No. 03-913, 2003 WL 21715347 (M.D.Pa. June 6, 2003); see also Jimenez-Gamino v. Adler, No. 09-1695, 2010 WL 935623 at **2-3 (E.D.Cal. Mar. 15, 2010)[Report and Recommendation]; Roth v. Young, No. 06-688, 2007 WL 1589722 (W.D.La. Apr. 10, 2007)[Report and Recommendation].

Finally, to the extent that Petitioner may also be claiming that the district court erred in sentencing him and should recalculate his sentence, that claim is not properly before this Court. See Roth v. Young, No. 07-30618, 2008 WL 724637 at *1 (5th Cir. Mar. 18, 2008)["Whether the district court should have reduced his sentence pursuant to § 5G1.3(b) is an issue that challenges the correctness of the [petitioner's] sentence; therefore, [petitioner] is not entitled to proceed under § 2241."] Petitioner was sentenced in the United States District Court for the Middle District of Georgia. Petitioner could have raised that issue at sentencing or on appeal, but is procedurally barred from raising it in this § 2241 motion. Bacon, 2001 WL 34684734 at * 4.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that Petitioner's claim be **dismissed, with prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 14, 2010
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

